IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2011 SEP 21 A 11:32
JOHN W. SANFILIPPO, CLERK

Kevin Scheunemann

                Plaintiff,

Vs.          **Court File No.: 2:11-cv-00855**

MRS Associates

                Defendant,

# Plaintiff's Motion to Compel JAMS consumer arbitration of all claims

## Motion to Compel JAMS consumer arbitration of claims

Plaintiff moves to compel JAMS consumer arbitration of all claims in this case according to the attached arbitration agreement governing disputes between the parties in this case.

### I. PROCEDURAL HISTORY

Plaintiff, Kevin Scheunemann, originally filed this action in Washington County State Circuit Small Claims Court against Defendant, MRS Associates for violations of Fair Debt Collection Practices Act (FDCPA), Wisconsin Consumer Act (WCA), Telephone Consumer Protection Act (TCPA), and other various torts and allegations. These allegations stem from Defendants illegal, unfair, and deceptive debt collection efforts against Kevin Scheunemann, over an American Express account past the Utah statue of limitations and Wisconsin Statue of Repose as applied to the Utah limitation. Defendants removed this action from small claims court in Washington County to this Honorable Federal Court. Plaintiff now comes before this Honorable court to move to compel JAMS consumer arbitration

under the terms and conditions of the American Express arbitration agreement attached to this motion.

## II.) Argument in support of motion

The Federal Arbitration Act is strong public policy of the United States. The U.S. Supreme Court just recently weighed in on this issue in **AT&T Mobility LLC v. Concepcion** CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT No. 09–893. Argued November 9, 2010—Decided-4/27/2011. "(FAA) Section 2 reflects a "liberal federal policy favoring arbitration," **Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.**, 460 U. S. 1, 24, and the "fundamental principle that arbitration is a matter of contract," **Rent-A-Center, West, Inc. v. Jackson, 561 U. S. \_\_\_, \_\_\_**. Thus, courts must place arbitration agreements on an equal footing with other contracts, **Buckeye Check Cashing, Inc. v. Cardegna**, 546 U. S. 440, 443, and enforce them according to their terms, **Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.**, 489 U. S. 468, 478. Section 2's saving clause permits agreements to be invalidated by "generally applicable contract defenses," but not by defenses that apply only to arbitration or derive their meaning from the fact that an agreement to arbitrate is at issue. **Doctor's Associates, Inc. v. Casarotto**, 517 U. S. 681, 687. Pp. 4–5."

Here, the parties are governed by the American Express Arbitration clause (Aff. of Kevin Scheunemann). The American Express clause includes "debt collectors" for American Express in the first paragraph on page #6 of the American Express arbitration clause. MRS associates represented themselves to be "debt collectors" for American Express to Kevin Scheunemann on 3 separate occasions (Aff. of Kevin Scheunemann). Kevin Scheunemann has chosen JAMS consumer arbitration as the forum resolution choice under the clause (Aff. of Kevin Scheunemann)

Consumer, Kevin Scheunemann, has previously been granted a filing fee waiver in Washington County Circuit Court (Aff. of Kevin Scheunemann). JAMS caps consumer arbitration fee responsibility at $250. (Aff. of Kevin Scheunemann) However, the American Express arbitration clause further caps Kevin Scheunemann's arbitration fees:

> "You will be responsible for paying your share, if any, of the arbitration fees (including filing, administrative, hearing and/or other fees), ***but only up to the amount of the filing fees you would have incurred if you had brought a claim in the state or federal court closest to your billing address that would have had jurisdiction.***" *(emphasis added)*

Kevin Scheunemann's jurisdictional costs were zero because of the circuit court order and fee waiver. (Aff. of Kevin Scheunemann) As a result of Kevin Scheunemann's $0 in court "filing" costs, the arbitration clause requires MRS Associates to pay all fees of the JAMS arbitration, including Kevin Scheunemann's maximum $250 consumer fee. It's imperative this Honorable court specifically order Defendant to pay the arbitration fees as required by contract. Otherwise, the JAMS arbitration will be dismissed by JAMS if Defendant fails to cooperate with payment of JAMS fees. This scenario would result in Plaintiff's claims being deprived of a legal forum to hear Plaintiff's consumer claims. **This court should set forth strict sanction, in its order to compel arbitration, to include sanction on MRS Associates, if it fails to pay the required JAMS fees as the non-consumer party in the JAMS arbitration**.

### III.) CONCLUSION

Plaintiff, Kevin Scheunemann, has chosen JAMS arbitration to resolve this dispute flowing form the dispute resolution rights in the American Express arbitration clause. The court should grant the motion to compel arbitration under Plaintiff's arbitration forum choice, JAMS. This Honorable court should also order the Defendant to immediately pay 100% of the arbitration fees (including initial JAMS case fees and JAMS arbitration retainer fees) within 30 days of this order as required under JAMS consumer rules, including the $250 consumer JAMS fee on behalf of Plaintiff consumer, Kevin Scheunemann.

Respectfully submitted,

**Dated in Washington County, Wisconsin this 19th day of Sept 2011.**

By: _____

Kevin Scheunemann
210 Dream Catcher
Kewaskum, WI 53040
262-339-5425
kewaskumdq@frontier.com

### Certificate of service

I, Kevin Scheunemann, certify that 9/19, 2011, I mailed a true and correct copy of the above motion, affidavit, and supporting paperwork to MRS Associates Wisconsin legal counsel.

_____

Kevin Scheunemann

**Please send a copy of all notices and correspondence to:**

Kevin Scheunemann
210 Dream Catcher Dr.
Kewaskum, WI 53040