**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2011 SEP 21 A 11: 33

JON W. SAYER II P.J. CLERK
MAIL-REC'D

Kevin Scheunemann

Plaintiff,

Vs.   **Court File No.: 2:11-cv-00855**

MRS Associates

Defendant,

## Affidavit of Kevin Scheunemann

I, Kevin Scheunemann, of age and competent to testify, state as follows based on my own personal knowledge:

1.) I am an adult resident in Kewaskum, Wisconsin. I reside at 210 Dream Catcher Dr. Kewaskum, WI.

2.) I am a "consumer" and "customer" for purposes of the Fair Debt Collections Practices Act (FDCPA) and the Wisconsin Consumer Act, as defined by 15 U.S.C. § 1692a(3) & Wis. Stat. § 421.301 (17).

3.) I believe the attached American Express arbitration clause governs the dispute relationship between myself and MRS Associates.

4.) MRS Associates on 6/30/11, 7/6/11, and 7/8/11 represented themselves to me to be a "debt collector" for American Express.

5.) I have selected JAMS as the arbitration forum provider under the American Express arbitration clause.

6.) I have selected JAMS consumer protocol and rules to govern the arbitration. I have attached a copy of the JAMS consumer protocol.

7.) Washington County circuit court judge, the Honorable James G Pouros, granted me a fee waiver of circuit court costs and filing fees in removed case 2011CV1532 on 8/16/11. I did not incur any filing fees in this case, as a result of the order of the Hon.

1

fees in this case, as a result of the order of the Hon. James G. Pouros.

8.) In my past experience, debt collectors, have refused to pay required JAMS arbitration fees, and cooperate in JAMS arbitration proceedings when consumers file an action in JAMS arbitration. Given my past experience, I'm very concerned MRS Associates will attempt to "skip out" on their obligation to pay the required contractual JAMS arbitration fees to properly allow this case to proceed in JAMS arbitration. I believe a strong Federal Court order forcing the Defendant to comply will be needed to preserve my rights under the American Express arbitration clause.

Dated in Washington County, Wisconsin this 19th day of Sept, 2011.

By: _____

Kevin Scheunemann
210 Dream Catcher Dr
Kewaskum, WI 53040


STATE OF WISCONSIN INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF Washington

Before me, the undersigned, a Notary Public in and for said County and State on this 19th day of Sept., 2011, personally appeared Kevin Scheunemann to me known to be the identical person who executed the within and foregoing instrument

and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires 2-3-13

_____ Notary Public

## Arbitration

This Arbitration provision sets forth the circumstances and procedures under which claims may be arbitrated instead of litigated in court.

### Definitions
As used in this Arbitration provision, the term *claim* means any claim, dispute or controversy between you and us arising from or relating to your Account, this Agreement, the Electronic Funds Transfer Services Agreement, and any other related or prior agreement that you may have had with us, or the relationships resulting from any of the above *agreements*, except for the validity, enforceability or scope of this Arbitration provision. For purposes of this Arbitration provision, *you* and *us* also includes any corporate parent, or wholly or majority owned subsidiaries, affiliates, any licensees, predecessors, successors, assigns, any purchaser of any accounts, all agents, employees, directors and representatives of any of the foregoing, and other persons referred to below in the definition of claims. *Claim* includes claims of every kind and nature, including but not limited to, initial claims, counterclaims, cross-claims and third-party claims and claims based upon contract, tort, fraud and other intentional torts, statutes, regulations, common law and equity. *Claim* also includes claims by or against any third party using or providing any product, service or benefit in connection with any account (including, but not limited to, credit bureaus, third parties who accept the card, third parties who use, provide or participate in fee-based or free benefit programs, enrollment services and rewards programs, credit insurance companies, debt collectors and all of their agents, employees, directors and representatives) if and only if, such third party is a party in connection with the claim. The term claim is to be given the broadest possible meaning that will be enforced and includes, by way of example and without limitation, any claim, dispute or controversy that arises from or relates to (a) any of the accounts created under any of the agreements, or any balances on any such accounts, (b) advertisements, promotions or oral or written statements related to any such accounts, goods or services financed under any of the accounts or the terms of financing, (c) the benefits and services related to Cardmembership (including fee-based or free benefit programs, enrollment services and rewards programs), and (d) your application for any account. We shall not elect to use arbitration under this Arbitration provision for any claim that you properly file and pursue in a small claims court of your state or municipality so long as the claim is individual and pending only in that court.

### Initiation of Arbitration
Any claim shall be resolved, upon the election by you or us, by arbitration pursuant to this Arbitration provision and the code of procedures of the arbitration organization to which the claim is referred in effect at the time the claim is filed (*code*), except to the extent the code conflicts with this Agreement. Claims shall be referred to either JAMS or the American Arbitration Association (*AAA*), as selected by the party electing to use arbitration. If our selection of either of these organizations is unacceptable to you, you may select the other organization within 30 days after you receive notice of our selection. For a copy of the code, to file a claim or for other information, contact either JAMS (1920 Main St #300, Irvine, CA 92614 or jamsadr.com) or AAA (335 Madison Ave, New York, NY 10017 or adr.org).

In addition to the organizations listed above, claims may be referred to any other arbitration organization that is mutually agreed upon in writing by you and us, or to an arbitration organization or arbitrator(s) appointed pursuant to § 5 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16, as it may be amended (*FAA*), provided that any such organization and arbitrator(s) will enforce the terms of the Restrictions on Arbitration subsection set forth below.

### Significance of Arbitration
IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM. FURTHER, YOU AND WE WILL NOT HAVE THE RIGHT TO PARTICIPATE IN A REPRESENTATIVE CAPACITY OR AS A MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION. EXCEPT AS SET FORTH BELOW, THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. NOTE THAT OTHER RIGHTS THAT YOU OR WE WOULD HAVE IF YOU WENT TO COURT ALSO MAY NOT BE AVAILABLE IN ARBITRATION.

### Restrictions on Arbitration
IF EITHER PARTY ELECTS TO RESOLVE A CLAIM BY ARBITRATION, THAT CLAIM SHALL BE ARBITRATED ON AN INDIVIDUAL BASIS. THERE SHALL BE NO RIGHT OR AUTHORITY FOR ANY CLAIMS TO BE ARBITRATED ON A CLASS ACTION BASIS OR ON BASES INVOLVING CLAIMS BROUGHT IN A PURPORTED REPRESENTATIVE CAPACITY ON BEHALF OF THE GENERAL PUBLIC, OTHER CARDMEMBERS OR OTHER PERSONS SIMILARLY SITUATED. The arbitrator's authority to resolve claims is limited to claims between you and us alone, and the arbitrator's authority to make awards is limited to awards to you and us alone. Furthermore, claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration. Notwithstanding any other provision of this Agreement (including but not limited to the Continuation subsection below) and without waiving either party's right to appeal such decision, should any portion of this Restrictions on Arbitration subsection be deemed invalid or unenforceable, then the entire Arbitration provision (other than this sentence) shall not apply.

### Arbitration Procedures
This Arbitration provision is made pursuant to transactions involving interstate commerce and shall be governed by the FAA. The arbitration shall be governed by the applicable code, except that this Agreement shall apply if there are any conflicts. The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitations, shall honor claims of privilege recognized at law, and, at the timely request of either party, shall provide a brief written explanation of the basis for the decision. The arbitration proceeding shall not be governed by any federal or state rules of civil procedure or rules of evidence. Any party may request that the arbitrator expand the scope of discovery by doing so in writing and copying any other parties, who shall have 15 days to make objections. The arbitrator will notify the parties of his/her decision within 20 days of any objecting party's submission. The arbitrator shall take reasonable steps to preserve privacy. The arbitrator's award shall be final and binding, except for any right of appeal provided by the FAA; however, either party shall have 30 days to appeal that decision by notifying the arbitration organization and any other parties in writing. The organization will then appoint a three-arbitrator panel which shall consider anew any aspect of the decision objected to by the appealing party. The panel shall issue its decision, by majority vote, within 120 days of the appealing party's written notice. Judgment upon any award rendered by the arbitrator or panel may be entered in any court having jurisdiction.

### Location of Arbitration
Arbitration hearings you attend shall take place in the federal judicial district of your residence.

### Payment of Fees
You will be responsible for paying your share, if any, of the arbitration fees (including filing, administrative, hearing and/or other fees), but only up to the amount of the filing fees you would have incurred if you had brought a claim in the state or federal court closest to your billing address that would have had jurisdiction. We will be responsible for any additional arbitration fees. At your written request, we will consider in good faith making a temporary advance of all or part of your share of any arbitration fees. You will not be assessed any arbitration fees in excess of your share if you do not prevail in any arbitration with us.

### Continuation
This Arbitration provision shall survive termination of your Account; voluntary payment of the Account balance in full by you; any legal proceeding by you or us to collect a debt owed by the other; any bankruptcy by you or us; and any sale by us of your Account (in the case of a sale, its terms shall apply to the buyer of your Account). If any portion of this Arbitration provision, except as otherwise provided in the Restrictions on Arbitration subsection, is deemed invalid or unenforceable, it shall not invalidate the remaining portions of this provision.





# Kevin Scheunemann vs. MRS Associates et al

## Washington County Case Number 2011SC001532
### Court Record Events

| | Date | Event | Court Official | Court Reporter |
|---|---|---|---|---|
| 1 | 08-16-2011 | Summons and complaint | | |
| 2 | 08-16-2011 | Petition and Order for Waiver of Fees Granted | Pouros, James G. | |

**Additional Text:**
Petition for waiver of fees and costs - affidavit of Indigency and order signed by Judge Martens

| | | | | |
|---|---|---|---|---|
| 3 | 08-29-2011 | Affidavit of service | | |

**Additional Text:**
8-25-11 on MRS Associates w/ auth S&C

| | | | | |
|---|---|---|---|---|
| 4 | 09-09-2011 | Letters/correspondence | | |

**Additional Text:**
Letter received from Atty Cinfy Salvo, dated 9/09/11, w/fax cover sheet attached, indicating a Notice of Removal to the Eastern District of Wisconsin will be filed shortly.

| | | | | |
|---|---|---|---|---|
| 5 | 09-12-2011 | Letters/correspondence | | |

**Additional Text:**
Letter received from Pltf Atty David J Hanus dated 9/9/11 with attached copy of fax letter dated 9/9/11

| | | | | |
|---|---|---|---|---|
| 6 | 09-12-2011 | Notice | | |

**Additional Text:**
Notice of Filing of Notice of Removal from Washington County Circuit Court to United States District Court for Eastern District of Wisconsin

| | | | | |
|---|---|---|---|---|
| 7 | 09-12-2011 | Notice | | |

**Additional Text:**
Notice of Removal with attached exhibit 1 and exhibit 2

| | | | | |
|---|---|---|---|---|
| 8 | 09-12-2011 | Change of venue, remove to federal court | Pouros, James G. | |



**JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses**
**Minimum Standards of Procedural Fairness**

*Effective July 15, 2009*

JAMS will administer arbitrations pursuant to mandatory pre-dispute arbitration clauses between companies and consumers[1] only if the contract arbitration clause and specified applicable rules comply with the following minimum standards of fairness.

**These minimum standards for arbitration procedures are:**

1. The arbitration agreement must be reciprocally binding on all parties such that: A) if a consumer is required to arbitrate his or her claims or all claims of a certain type, the company is so bound; and, B) no party shall be precluded from seeking remedies in small claims court for disputes or claims within the scope of its jurisdiction.
2. The consumer must be given notice of the arbitration clause. Its existence, terms, conditions and implications must be clear.
3. Remedies that would otherwise be available to the consumer under applicable federal, state or local laws must remain available under the arbitration clause, unless the consumer retains the right to pursue the unavailable remedies in court.
4. The arbitrator(s) must be neutral and the consumer must have a reasonable opportunity to participate in the process of choosing the arbitrator(s).
5. The consumer must have a right to an in-person hearing in his or her hometown area.
6. The clause or procedures must not discourage the use of counsel.
7. With respect to the cost of the arbitration, when a consumer initiates arbitration against the company, the only fee required to be paid by the consumer is $250, which is approximately equivalent to current Court filing fees. All other costs must be borne by the company including any remaining JAMS Case Management Fee and all professional fees for the arbitrator's services. When the company is the claiming party initiating an arbitration against the consumer, the company will be required to pay all costs associated with the arbitration.
8. In California, the arbitration provision may not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail.
9. The arbitration provision must allow for the discovery or exchange of non-privileged information relevant to the dispute.
10. An Arbitrator's Award will consist of a written statement stating the disposition of each claim. The award will also provide a concise written statement of the essential findings and conclusions on which the award is based.

---

[1] These standards are applicable where a company systematically places an arbitration clause in its agreements with individual consumers and there is minimal, if any, negotiation between the parties as to the procedures or other terms of the arbitration clause. A consumer is defined as an individual who seeks or acquires any goods or services, primarily for personal family or household purposes, including the credit transactions associated with such purchases, or personal banking transactions. These standards do not apply to the use of arbitration in resolving disputes arising from commercial transactions between a lender and commercial borrowers or a company and commercial customers, other financial services such as investment transactions, real estate transactions, or to matters involving underinsured motorists. Nor do they apply if the agreement to arbitrate was negotiated by the individual consumer and the company.

(c) Copyright 2009 JAMS. All rights reserved.

Case 2:11-cv-00855-JPS   Filed 09/21/11   Page 6 of 10   Document 10

Kevin Scheunemann
210 Dream Catcher Dr.
Kewaskum, WI 53040
262-339-5425


9/17/11
JAMS resolution Center
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111
    P 415-982-5267
    F 415-982-5287

RE: New Consumer Case filing.

**Kevin Scheunemann vs. MRS Associates**

To whom it may concern;

Enclosed is the initiation paperwork for a consumer arbitration, (2 copies) Consumer fee waiver application for JAMS fees, AMEX arbitration agreement, and certificate of JAMS Service. **The full formal consumer complaint for Claimant is attached.** The AMEX arbitration clause also requires the non-consumer party forward consumer arbitration fees on request. I am making the demand that Respondents pay 100% of our consumer fees for the arbitration, per the arbitration clause.

This entire packet has been delivered and served to ALL of the Respondent's address as listed on the complaint.

I demand an in-person arbitration hearing, a full consumer fee waiver and/or business Respondent pay the entire cost of the arbitration. I demand comprehensive rule set and full rules of evidence be employed.

Should you have questions, please call me at 262-339-5425.

Thank you,

Kevin Scheunemann

cc: Respondents



# Demand for Arbitration Before JAMS

## Instructions for Submittal of Arbitration to JAMS

**Demand for Arbitration Based on Pre-Dispute Provision**

If you wish to proceed with an arbitration by executing and serving a Demand for Arbitration on the appropriate party, please submit the following items to JAMS:

A. Two (2) copies of the **Demand for Arbitration**

B. **Proof of service** of the Demand on the appropriate party
E.g., copy of certified mail receipt signed by recipient or sworn statement of service by a non-party over 18 years of age.

C. **Two (2) copies of the entire contract containing the arbitration clause**

D. **Initial non-refundable $400 Case Management Fee (CMF) per party**
Each party may submit its own CMF, or to expedite the commencement of the proceedings one party may elect to submit both or all CMFs. In lengthier, more complex cases additional CMF may be billed. For cases involving consumers, see JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses.

### OR

**Arbitration Based on Post-Dispute Fully Executed Arbitration Agreement, Oral Stipulation or Court Order Compelling Arbitration**

Whether or not a certain arbitrator has been designated, if the parties have agreed to arbitrate at JAMS or the court has ordered that the parties arbitrate at JAMS, kindly forward the following items:

A. Two (2) copies of **Executed Arbitration Agreement OR Court Order appointing arbitrator/JAMS**
Please contact JAMS to obtain the appropriate form (e.g., Arbitration Agreement)

B. Two (2) copies of the **entire contract, if any, containing an applicable arbitration clause**

C. **Initial non-refundable $400 Case Management Fee (CMF) per party**
Each party may submit its own CMF, or to expedite the commencement of the proceedings one party may elect to submit both or all CMFs. In lengthier, more complex cases additional CMF may be billed. For cases involving consumers, see JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses.

**Please submit to your local JAMS Resolution Center.**

Once the above items are received, JAMS will contact all parties to commence the arbitration process, including the appointment of an arbitrator and scheduling of a hearing date.



# Demand for Arbitration Before JAMS

TO RESPONDENT: MRS Associates
(Address) **1930 Olney Ave**

| | | | |
|---|---|---|---|
| (City) Cherry Hill | (State) NJ | (Zip) 08003 | |
| (Telephone) | (Fax) | (E-Mail) | |

Representative/Attorney (if known): David Hanus
(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)

(Address) 100 E. Wisconsin Ave. Suite #2600

| | | | |
|---|---|---|---|
| (City) Milwaukee | (State) WI | (Zip) 53202 | |
| (Telephone) 414-276-6464 | (Fax) 414-276-9220 | (E-Mail) dhanus@hinshawlaw.con | |

FROM CLAIMANT (Name): Kevin Scheunemannn

(Address) 210 Dream Catcher Dr.

| | | | |
|---|---|---|---|
| (City) Kewaskum | (State) WI | (Zip) 53040 | |
| (Telephone) 262-339-5425 | (Fax) 262-477-4547 | (E-Mail) kewaskumdq@frontier.con | |

Representative/Attorney of Claimant (if known):
(Name of the Representative/Attorney for the Party Demanding Arbitration)

(Address)

| | | | |
|---|---|---|---|
| (City) | (State) | (Zip) | |
| (Telephone) | (Fax) | (E-Mail) | |

## NATURE OF DISPUTE

Claimant hereby demands that you submit the following dispute to final and binding arbitration (a more detailed statement of the claim(s) may be attached. **Fair Debt collections Practices Act (FDCPA); Wisconsin Consumer Act (WCA); Wisconsin Deceptive Trade Practice Act (DTPA); Invasion of Privacy; etc. Complaint attached.**

## ARBITRATION AGREEMENT

This demand is made pursuant to the arbitration agreement which the parties made as follows (cite location of arbitration provision & attach two (2) copies of entire agreement). **Attached**



# Demand for Arbitration Before JAMS

## CLAIM & RELIEF SOUGHT BY CLAIMANT

Claimant asserts the following claim and seeks the following relief (include amount in controversy, if applicable): **Claim for relief attached.**

## RESPONSE

Respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules. Send the original response and counter-claim to the claimant at the address stated above with two (2) copies to JAMS.

## REQUEST FOR HEARING

JAMS is requested to set this matter for hearing at: __Kewaskum, WI__
(Preferred Hearing Location)

Signed (Claimant): _[signature]_  Date: 9/19/11
(may be signed by an attorney)

Print Name: Kevin Scheunemann

**Please include a check payable to JAMS for the required initial, non-refundable $400 per party deposit to be applied toward your Case Management Fee and submit to your local JAMS Resolution Center.**