

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2011 OCT 18 A 11: 29

JON W. SANFILIPPO, CLERK
MAIL-REC'D

Kevin Scheunemann

          Plaintiff,

Vs.

**Court File No.: 2:11-cv-00855**

MRS Associates

          Defendant,

**Plaintiff's Reply brief to Defendant's opposition to the motion to compel arbitration**

### I. Introduction

Defendant offered little legal argument to circumvent ***AT&T Mobility LLC v. Concepcion*** CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT No. 09–893, decision handed down by the U.S. Supreme Court on 4/27/11. Defendants want to romanticize about Kevin Scheunemann's legal "sophistication" as a reason to ignore the contractual arbitration clause. Under the Fair Debt collections Practices Act (FDCPA) this kind of "legal sophistication" inquiry is illegal. "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." ***Clomon v. Jackson***, 988 F.2d 1314 (2d Cir. 1993). The alleged legal shrewdness of Kevin Scheunemann is irrelevant for any kind of consideration in a FDCPA action. "No section of the Act [FDCPA] requires an inquiry into the worthiness of the debtor, or purports to protect only 'deserving' debtors. To the contrary, Congress has clearly indicated its belief that no consumer deserves to be abused in the collection process." ***Bass v. Stolper, Koritzinsky, Brewster & Neider***, S.C., 111 F.3d 1322, 1330 (7th Cir. 1997). See also ***Federal Trade Comm'n v. Check Investors, Inc.***, F.3d , 2007 WL 2505589 (3d Cir. Sept. 6, 2007). Plaintiff will focus his response on Defendant's arguments that don't violate the FDCPA, the two irrelevant

appeals cases Defendant offered in opposition to a grant of arbitration in this case.

## II. *Duferco Steel Inc. v. M/V Kalisti, 121 F.3d 321, 316 (7th Cir. 1997).*

This case is completely off-point. **Duferco Steel Inc. v. M/V Kalisti** ("*Duferco*") had to do with an arbitration clause in an international bill of lading. The particular arbitration clause specifically called for arbitration in London, England, **and within 12 months of any dispute** between the parties. **Duferco** sued for breach of contract in the United States and claimed it had a right to arbitrate without filing a motion for stay under the Federal Arbitration Act (FAA) with the court *before dismissal was granted.* The district court dismissed the claim, on Defendant's motion, because **Duferco** failed to arbitrate the issue in London, England within 12 months of the dispute *as required by the specific arbitration clause* in the contract. There is no such condition in the credit card arbitration clause in this case.

N*either party moved for a stay for arbitration* in **Duferco**, before the motion to dismiss was granted by the court, and the motion to dismiss was upheld by the Court of Appeals. Kevin Scheunemann has moved for a stay in this case *before* any Motion to Dismiss. The **Duferco** case only addresses a party's right to demand a court stay for arbitration *after a case has been dismissed.* **Duferco** is not even close to being applicable to this case. **Duferco** makes logical sense when one considers the true purpose of the **Duferco** decision, a party cannot ask the court to stay for arbitration *after losing the case through a granted motion to dismiss.* There is no circumstance in this case where a party is demanding a court ordered arbitration stay *after dismissal.*

## III. *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetree, Inc., 50 F.3d 388 (7th Cir. 1995)*

This is another off point case. **Cabinetree v. Kraftmaid** has to do with a Defendant, not a Plaintiff, attempting to compel arbitration in attempt to *frustrate* long lingering litigation. **Kraftmaid Cabinetree, Inc** ("*Kraftmaid*") waited at least 10 months to compel arbitration after a trial schedule was set, and **Cabinetree of Wisconsin, Inc. ("Cabinetree")** produced "almost two

thousand documents" responding to **Kraftmaid's** discovery demands. This case is about *waiver of the right to arbitrate* by a Defendant, not a Plaintiff. Here, **Kraftmaid,** waited until substantial time, money, and effort was invested by both parties and the court, in litigation, before attempting to compel arbitration. There is no such circumstance in this case. Even if the potential for "arbitration waiver" did exist here, **AT&T Mobility LLC v. Concepcion,** freshly decided earlier this year by the U.S. Supreme Court, overrides **Cabinetree v. Kraftmaid** in favor of liberal construction of the right to arbitrate under the FAA. If this court were to deny the motion to compel arbitration, as the very first motion in this case, the court would essentially nullify **AT&T Mobility LLC v. Concepcion,** the FAA, and all contractual arbitration clauses.

### IV. Conclusion

Plaintiff's motion to compel arbitration must be granted and a stay for arbitration be entered by the court. Also, the court must enter a strong order for Defendant to pay all JAMS arbitration fees required under the arbitration clause contract and JAMS rules within 30 days of demand for such fees by JAMS, or face strong sanction for not complying with the court's stay order.

Respectfully submitted,

**Dated in Washington County, Wisconsin this** 14th **day of** Oct **2011.**

By: _____

**Kevin Scheunemann
210 Dream Catcher
Kewaskum, WI 53040
262-339-5425
kewaskumdq@frontier.com**

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2011 OCT 18 A 11: 29

JON W. SANFILIPPO, CLERK
MAIL-REC'D

## Certificate of service

I, Kevin Scheunemann, certify that \_\_\_10/17\_\_\_, 2011, I mailed a true and correct copy of the above reply to MRS Associates Wisconsin legal counsel.

*(signature)*

Kevin Scheunemann

Please send a copy of all notices and correspondence to:

Kevin Scheunemann
210 Dream Catcher Dr.
Kewaskum, WI 53040